Edwina WILSON, Plaintiff,

v.

Patricia JONES, Defendant.

Civ. A. No. 2:95cv828.

United States District Court,
E.D. Virginia,
Norfolk Division.

Oct. 20, 1995.

Richard Davis Mattox, Portsmouth, VA, for Plaintiff.

Susan Lynn Watt, Assistant United States Attorney, Norfolk, VA, for Defendant.

### OPINION AND ORDER

REBECCA BEACH SMITH, District Judge.

This matter is before the Court on Plaintiff's Motion to Remand, the United States' Motion to Substitute Party Defendant, and the United States' Motion for Summary Judgment or in the Alternative Motion to Dismiss.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Edwina Wilson sued Defendant in the Circuit Court of the City of Portsmouth, Virginia on December 1, 1993. In her complaint, Plaintiff alleged that she was injured when Defendant Patricia Jones negligently operated a motor vehicle in which Plaintiff was a passenger. Plaintiff prayed for $25,-000 in compensatory damages and $15,000 in

punitive damages plus interest and costs. In June, 1994, Plaintiff moved for a default judgment, stating that Defendant failed to submit any responsive pleading.

On August 9, 1995, the United States filed with this Court a Notice of Removal and a Motion to Substitute Party Defendant. The Government based both these filings upon 28 U.S.C. § 2679(d)(2), which allows for removal and substitution of the United States as party defendant when a federal employee is sued in state court for a wrongful or negligent act committed when the employee "was acting within the scope of his office or employment." The Government attached to its Notice of Removal a certificate from the United States Attorney for the Eastern District of Virginia, Helen F. Fahey, which states that Defendant was acting within the scope of her employment at the time the incidents in question occurred. *See id.* (providing for removal and substitution of the United States as party defendant when the Attorney General certifies that the federal employee was acting within the scope of his employment); 28 C.F.R. § 15.3 (delegating the certification authority to the United States Attorneys).

On August 17, 1995, the Government filed a Motion for Summary Judgment or in the Alternative Motion to Dismiss along with supporting affidavits, some of which provide evidence that Defendant was acting within the scope of her employment when the incident in question occurred. In this motion, the Government presents two arguments: (1) that Plaintiff is barred from suing the United States under the Federal Tort Claims Act ["FTCA"] because she failed to file the proper administrative claim; and (2) that Plaintiff cannot recover against the United States under the FTCA because she is a federal employee who was injured during the course of her employment, and, therefore, her exclusive remedy against the Government is the Federal Employees Compensation Act ["FECA"].

Plaintiff responded to the Government's motions with two documents entitled "Objection to Removal" and "Objection to Defendant's Motion to Substitute Party Defendant." Plaintiff's "Objection to Removal" will be treated by the Court as a Motion to Remand. Plaintiff asserts that Defendant was not acting within the scope of her employment when the incident occurred and that the Notice of Removal was not timely filed because it was submitted after Defendant defaulted in the state court action. Plaintiff has not submitted any verified evidence in support of her assertion that Defendant was acting outside the scope of her employment. Finally, Plaintiff informed the Court that she is withholding her response to the Government's Motion for Summary Judgment or in the Alternative Motion to Dismiss, until after the Court determines whether this case was properly removed and whether the United States should be substituted as the party defendant.

## II. ANALYSIS

Congress enacted the Federal Employees Liability Reform and Tort Compensation Act of 1988 in response to the Supreme Court's holding in *Westfall v. Erwin,* 484 U.S. 292, 108 S.Ct. 580, 98 L.Ed.2d 619 (1988), that a federal employee acting within the scope of his employment is immune from common law claims only if the challenged conduct is "discretionary in nature." The statute, commonly referred to as the Westfall Act, was passed as an amendment to the FTCA, 28 U.S.C. §§ 1346(b), 2671–80, out of concern that limiting immunity to discretionary employment activities would lead to personal liability and protracted tort litigation for large numbers of federal employees. *See Jamison v. Wiley,* 14 F.3d 222, 226–27 (4th Cir.1994) (discussing the legislative history of the Westfall Act). The Act provided that an FTCA action against the United States is the exclusive remedy available to an individual claiming he was injured by the wrongful or negligent actions of a federal employee "acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1) (stating that the FTCA action is "exclusive of any other civil action ... against the employee whose act or omission gave rise to the claim").

The Act established several procedures designed to protect federal employees from tort litigation and liability. Section 2679(d) authorizes the Attorney General to certify that

the "defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose." If a claim is brought against an employee in federal court and the Attorney General certifies that the employee was acting within the scope of his employment, then the Act requires that the United States be substituted as the party defendant. *Id.* at 2679(d)(1). If a claim is brought in state court and the Attorney General issues a scope certification, then the Act requires that the case be removed to federal court and the United States be substituted as the party defendant. *Id.* at 2679(d)(2). However, section 2679(d)(2) goes further than section 2679(d)(1) by stating, "This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal."

■ Whether a federal employee is ultimately immune from suit, therefore, depends entirely upon whether the employee was acting within the scope of his employment when the events which underlie the lawsuit occurred. Previously in the Fourth Circuit this determination was left solely in the hands of the Attorney General.[1] *See Johnson v. Carter,* 983 F.2d 1316, 1320 (4th Cir.) (holding that the Attorney General's scope certification is to be given "conclusive effect"), *cert. denied,* —— U.S. ——, 114 S.Ct. 57, 126 L.Ed.2d 27 (1993). The position of the Fourth Circuit on this issue, however, was recently overruled by the Supreme Court in *Gutierrez de Martinez v. Lamagno,* —— U.S. ——, ——, 115 S.Ct. 2227, 2236, 132 L.Ed.2d 375 (1995).

■ In *Gutierrez,* the Court held that the Attorney General's scope certificate is conclusive only for purposes of removal, not for purposes of substitution. *Id.* The Court acknowledged that the language of the statute, which states that "certification of the Attorney General shall conclusively establish scope of office or employment *for purposes of removal,*" 28 U.S.C. § 2679(d)(2) (emphasis added), is capable of various interpretations. *Gutierrez,* —— U.S. at ——, 115 S.Ct. at

2236. Under one view, the certification is conclusive for all purposes. *See Johnson,* 983 F.2d at 1319 (holding that if the Attorney General issues a scope certificate, the action must be removed to federal court *and* the United States must be substituted as the party defendant: "By the plain language of 28 U.S.C. § 2679(d)(2), no discretion is given to the district court"). Under the other view, it is conclusive only on the question of removal. The Court adopted the latter interpretation, stating that this reading of the statute "accords with traditional understandings and basic principles: that executive determinations generally are subject to judicial review and that mechanical judgments are not the kind federal courts are set up to render." *Id.* The Court was primarily concerned that the Attorney General's delegates, the United States Attorneys, may be motivated to issue unwarranted scope certificates in cases, such as the present case, where the action would likely be dismissed following substitution of the United States as party defendant. *Id.* —— U.S. at ——, 115 S.Ct. at 2233 ("Inevitably, [in cases where the United States will not be held liable after substitution occurs], the United States Attorney will feel a strong tug to certify, even when the merits are cloudy, and thereby 'do a favor,' . . . both for the employee and for the United States as well, at a cost borne solely and perhaps quite unfairly, by the plaintiff.").

■ In the present case, the United States Attorney has certified that Defendant was acting within the scope of her employment at the time of the incident. As the Court made clear in *Gutierrez,* this certification is conclusive on the issue of removal. *Id.,* —— U.S. at ——, 115 S.Ct. at 2236. On the timing issue raised by Plaintiff, the Government correctly observed that a state action against a federal employee may be removed under 28 U.S.C. § 2679(d)(2) "at any time before trial" in state court. In this case, the state proceeding has not gone to trial. Thus, the Government's Notice of Removal and Motion to Substitute were timely filed with this Court. Therefore, this case was properly and timely

---

1. The Attorney General has delegated to the United States Attorneys her authority to issue section 2679(d) certifications. 28 C.F.R. § 15.3.

removed under 28 U.S.C. § 2679(d)(2). Accordingly, Plaintiff's Motion to Remand is DENIED.

However, the United States Attorney's scope certification is not conclusive on the issue of substitution.[2] *Gutierrez,* — U.S. at —, 115 S.Ct. at 2236. This Court must, therefore, conduct a review to determine whether Defendant was acting within the scope of her employment when the events at issue occurred. The scope and nature of this review have not been addressed by the Fourth Circuit. Although the Supreme Court settled the primary issue, i.e., whether the scope certification is reviewable, several secondary issues remain. These include: (1) whether this Court is to conduct a *de novo* review or afford the United States Attorney's scope certification deference; (2) whether the scope certification is to be given any evidentiary value; (3) which party bears the burden of proof; (4) which law governs the scope of employment question; and (5) what procedures are to be followed in making this determination—is this a question for the Court or for a jury, when is the question to be decided, in what manner are the parties to present evidence. These questions remain unresolved in this circuit. Other circuits have addressed these issues, thereby offering guidance to this Court.

■ As to the first issue, the circuit courts are in agreement that a district court is to conduct a *de novo* review of the scope of employment issue. *See Schrob v. Catterson,* 967 F.2d 929, 936 n. 13 (3rd Cir.1992); *McHugh v. University of Vermont,* 966 F.2d 67, 74 (2nd Cir.1992); *Meridian Int'l Logistics, Inc. v. United States,* 939 F.2d 740, 745 (9th Cir.1991); *S.J. & W. Ranch v. Lehtinen,* 913 F.2d 1538, 1542–43 (11th Cir.1990),

*amended,* 924 F.2d 1555 (11th Cir.), *cert. denied,* 502 U.S. 813, 112 S.Ct. 62, 116 L.Ed.2d 37 (1991). This position seems correct given the Supreme Court's concern that the United States Attorney may be biased toward issuing the scope certification. *See Gutierrez,* — U.S. at —, 115 S.Ct. at 2233. If the primary purpose for judicial review is to counter the bias of the United States Attorney, it would be contrary to reason to defer to the United States Attorney on this question. Therefore, this Court will conduct a *de novo* review of the scope certification.

■ Although a court should not defer to the United States Attorney's scope certificate, this certificate does hold certain evidentiary value. Section 2679(d)(2) clearly places significant weight on the certification: "Upon certification by the Attorney General ... any civil action or proceeding commenced upon such claim in a State court shall be removed ... [and the action shall be deemed one] brought against the United States." *See Green v. Hall,* 8 F.3d 695, 698 n. 2 (9th Cir.1993) (noting the "mandatory terms" of the Westfall Act), *cert. denied,* — U.S. —, 115 S.Ct. 58, 130 L.Ed.2d 16 (1994). Also, under the "general scheme of the FTCA," the plaintiff bears the ultimate burden of proof on the scope issue. *See Brown v. Armstrong,* 949 F.2d 1007, 1012 (8th Cir. 1991).

■ Therefore, once the United States Attorney issues a scope certificate, the burden shifts to the plaintiff to contest the scope of employment issue and prove by a preponderance of the evidence that the defendant was acting outside the scope of his employment. *See, e.g., Green,* 8 F.3d at 698 ("the party seeking review bears the burden of presenting evidence and disproving the At-

---

2. The Supreme Court has recognized the potential jurisdictional problem which would arise if a case is removed under 28 U.S.C. § 2679(d)(2), but the district court finds that the federal employee was not acting within the scope of his employment. *Gutierrez,* — U.S. at —, 115 S.Ct. at 2237. In such a case, the United States would not be substituted as the party defendant. The case, therefore, would have no apparent basis for federal jurisdiction. A plurality of the Supreme Court, however, has suggested that the district court's decision on the scope of employment issue is a non-frivolous federal question

conferring subject matter jurisdiction for the entire case, even if the United States is not ultimately substituted. *Id.* (" '[C]onsiderations of judicial economy, convenience and fairness to litigants' make it reasonable and proper for the federal forum to proceed beyond the federal question to final judgment once it has invested time and resources on the initial scope-of-employment contest.") (citation and footnote omitted). Because this issue has not yet arisen in the present case, this Court need not further address it.

torney General's decision to grant or deny scope of employment certification by a preponderance of the evidence"); *Schrob,* 967 F.2d at 936 ("a plaintiff challenging the certification has the burden of coming forward with specific facts rebutting it"); *Hamrick v. Franklin,* 931 F.2d 1209, 1211 (7th Cir.) ("the plaintiffs have the burden of showing that the defendants' conduct was not within the scope of employment"), *cert. denied,* 502 U.S. 869, 112 S.Ct. 200, 116 L.Ed.2d 159 (1991). The scope certification serves as *prima facie* evidence that the defendant was acting within the scope of his employment, so if the certification is not contested by the plaintiff, the district court should substitute the United States as party defendant under 28 U.S.C. § 2679(d)(2). *See Brown,* 949 F.2d at 1012 ("the Attorney General's certification, although subject to judicial review, is prima facie evidence that the employee's challenged conduct was within the scope of employ").

■ The question of whether state or federal law governs the scope of employment issue has already been determined by the Supreme Court. In *Williams v. United States,* 350 U.S. 857, 76 S.Ct. 100, 100 L.Ed. 761 (1955) (per curiam), the Court held that under the FTCA this issue is to be decided through the application of state *respondeat superior* law. *See also, United States v. Holcombe,* 277 F.2d 143, 146 (4th Cir.1960). The actions in the present case occurred in Virginia. Therefore, in this case, Plaintiff has the burden of proving, under Virginia *respondeat superior* law, that Defendant's actions were outside the scope of her employment when the incidents in question occurred.

■ The procedural issues still remain: who determines scope of employment, a jury or the Court; when does this determination take place, at trial or upon a pre-trial motion; how do the parties present evidence. In answering these questions, it is important to focus on the purpose of the legislation. The Westfall Act was enacted to protect federal employees not only from tort liability arising from employment-related conduct but also from tort litigation. As the Eighth Circuit has observed, "[t]he purpose of the [Westfall Act] was to protect federal employees from the uncertain and intimidating task of defending suits that challenge conduct within the scope of their employ." *Brown,* 949 F.2d at 1011.

■ Congressional intent to prevent burdensome litigation against federal employees would clearly be frustrated, if the plaintiff were afforded a jury trial on the scope of employment issue. *See Schrob,* 967 F.2d at 935 ("[w]hile the courts have engaged in limited fact finding for the review, it has been recognized that a jury trial on the issue would frustrate Congress' intent"). Therefore, this issue should be determined by the Court.

■ Also, congressional intent dictates that the scope of employment issue "be resolved before trial, as soon after the motion for substitution as practicable." *Brown,* 949 F.2d at 1012. Waiting for trial to determine this question would subject the federal employee to the protracted litigation which Congress sought to avoid.

■ The United States' Motion to Substitute should, therefore, be treated like a motion for summary judgment. *See Schrob,* 967 F.2d at 935 (noting that "prior to *Westfall* questions of official immunity were resolved through summary judgment or dismissal early in the case"). Once the motion is filed, with the supporting certification, the plaintiff must come forward with competent, verified evidence, including affidavits, establishing that the defendant was not acting within the scope of his employment. If the plaintiff does not present such evidence, the issue is determined by the United States Attorney's certification. *See id.* at 936; *Brown,* 949 F.2d at 1012 (substituting the United States as party defendant after plaintiff failed to rebut the United States Attorney's scope certification). If the plaintiff does submit evidence, then the United States or the defendant has the opportunity to respond with similar types of evidence. From these documents, the Court may decide the scope of employment issue.

■ If relevant factual disputes remain, however, the Court may conduct an evidentiary hearing, if necessary, to resolve the

issue. To prepare for this hearing, the parties may conduct discovery, strictly limited to the scope of employment issue. *See Jamison*, 14 F.3d at 236 ("The federal courts of appeals have consistently recognized that a district court has the power to hold a limited evidentiary hearing to resolve factual disputes that bear on a scope-of-employment issue properly before it in a Westfall Act case."); *Schrob*, 967 F.2d at 936 ("if there is a genuine issue of fact material to the scope of employment question, the district court should permit discovery and conduct a hearing, if necessary"). Both discovery and the evidentiary hearing should be "circumscribed as narrowly as possible" to the scope of employment issue to protect the federal employee from unnecessary and burdensome litigation. *See Schrob*, 967 F.2d at 936.

■ In the present case, the United States has already supplemented its Motion to Substitute with several affidavits tending to support the Government's position that Defendant was acting within the scope of her employment when Plaintiff allegedly was injured. Plaintiff has presented no verified evidence in response, only the bald assertion that Defendant was not acting within the scope of her employment. Because no court in this circuit has previously articulated the correct procedure to follow when the Government files a Motion to Substitute, the Court will allow Plaintiff an additional twenty (20) days from the date of this Opinion and Order to submit to the Court verified evidence that Defendant was acting outside the scope of her employment. Plaintiff is advised that if she does not present such evidence, the motion will be decided in favor of the Government based upon the United States Attorney's certification. If Plaintiff does submit such evidence, then the Court will determine whether an evidentiary hearing and limited discovery are necessary.

It is so ORDERED.