**Mark DEANE, Plaintiff,**

**v.**

**Gary Dean LIGHT and John Doe, Defendants.**

**Civil Action No. 3:96cv693.**

United States District Court, E.D. Virginia, Richmond Division.

March 17, 1997.

Roger Lee Gregory, Wilder & Gregory, Richmond, VA, Ronald L. Garnett, New York City, for Plaintiff.

Timothy P. Garren, U.S. Dept. of Justice, Torts Branch, Washington, DC, Robert William Jaspen, U.S. Attorney's Office, Richmond, VA, Stephen M. Doyle, U.S. Dept. of Justice, Torts Branch, Civil Division, Washington, DC, John Mack Taylor, III, U.S. Food and Drug Administration, Office of the Chief Counsel, Rockville, MD, for Defendants.

### MEMORANDUM

MERHIGE, District Judge.

This matter is before the Court on Plaintiff Mark Deane's ("Deane") Motion In Limine. The United States, on behalf of the Defendants, objects to Deane's Motion. The Court has heard argument on the Motion and the matter is ripe for disposition. For the reasons which follow, the Court will deny Deane's Motion.

### I.

Plaintiff Mark Deane, an employee of Phillip Morris, has brought this suit against Special Agent Gary Dean Light ("Agent Light") and another unnamed agent ("Agent Doe") of the United States Food and Drug Administration (the "FDA") for alleged violations of Deane's rights secured by the United States and Virginia Constitutions. Deane also alleges several common law torts. Deane contends that on two occasions, Agents Light and Doe unlawfully stopped Deane while Deane was driving his car and made threatening gestures and statements regarding Deane's unwillingness to "tell the truth" about Phillip Morris. Deane also alleges that Agents Light and Doe made threatening phone calls to Deane's residence.

The Director of the Torts Branch, Civil Division of the United States Department of Justice, acting for the Attorney General of United States, certified that the claims against Agent Light arose from conduct performed by him within the scope of his employment with the FDA (the "Scope Certificate"). 28 U.S.C. § 2679. Subsequently, the United States filed a Notice of Substitution, seeking to substitute the government for Agent Light. Deane then filed an Objection to the Notice of Substitution on the grounds that the certification was "insufficient in that it neither states upon what rationale [it] was based nor does it provide any information at all as to how [the Attorney General] arrived at her conclusion."

The Court heard argument on the Notice of Substitution on October 25, 1996. At the hearing, Deane was given the opportunity to view Agent Light in person and then asked if Agent Light was the man who allegedly harassed him. Deane testified, "Looks like him, but I am not sure." Deane was able, however, to distinguish Agent Light's voice from that of three other individuals.

At the conclusion of the hearing, the Court held that Deane's identification was sufficient to warrant limited discovery on the issue of whether Agent Light was acting within the scope of his employment. On February 14, 1997, the Court Ordered that it would conduct an evidentiary hearing on the limited issue of whether Agent Light was acting within the scope of his employment on the days in which the alleged incidents occurred. Deane has filed the instant Motion in an effort to limit the evidence that will be admissible at the evidentiary hearing.

### II.

Deane's Motion seeks to preclude the United States from presenting exculpatory evidence which would tend to show that Agent Light was not present at the location of the alleged incidents which give rise to this action. Deane argues that this "alibi evidence" is irrelevant to the scope of employment issue. Deane further argues that the question of whether Agent Light is the person who accosted Deane is a factual question for the jury to decide. In support of his argument, Deane notes that in *Wilson v. Jones*, 902 F.Supp. 673, 680 (E.D.Va.1995), the court held that the evidentiary hearing should be "circumscribed as narrowly as possible" to the scope of employment issue. In short, Deane argues that the issue at the evidentiary hearing should be: *Assuming Agent Light was the individual who accosted*

Deane, was Agent Light acting within the scope of his duties as an FDA agent? If the Court accepts Deane's characterization of the issue at the evidentiary hearing, then the Court should grant the instant Motion because Agent Light's alibi evidence is irrelevant to the question of whether the alleged acts fall within the scope of Agent Light's duties.

The United States objects to Deane's Motion. The government contends that it has reason to believe that Agent Light did not commit the acts Deane alleges in his Complaint. Therefore, in order to confer immunity on Agent Light, the Attorney General has certified that Agent Light was acting within the scope of his employment at the time of the alleged incidents. The sole basis for the government's contention that Agent Light was acting within the scope of his duties is, quite simply, that Agent Light did not commit the alleged acts.[1] Accordingly, the government contends that it should be permitted to introduce evidence at the evidentiary hearing which would tend to show that Agent Light was not the individual who accosted Deane. In the government's view, this evidence is relevant because it forms the basis for the Attorney General's decision to issue the Scope Certificate.

### III.

■ Resolution of the issue raised in Deane's Motion—whether the government's alibi evidence is relevant at the evidentiary hearing—turns on the threshold issue of whether it was proper for the Attorney General to issue the Scope Certificate on the basis that Agent Light did not engage in the conduct alleged. This threshold issue is of particular significance because the validity of the Scope Certificate and the merits of this case overlap. That is to say, the issue of Agent Light's whereabouts on the days in question is common to both the validity of the Scope Certificate and the merits of the controversy between the parties. If Agent

Light committed the alleged acts, the Scope Certificate is invalid *and* Agent Light is likely liable. Conversely, if Agent Light did not commit the alleged acts, then he was acting within the scope of his duties at the time of the incident *and* he has no liability.

The question of whether it is proper for the Attorney General to issue a certification on the basis that the defendant did not commit the alleged conduct is one of first impression in this Circuit. Furthermore, the Circuit courts appear to be split on this issue. The First and the Second Circuits have determined that, in issuing a certification, the Attorney General must accept, *arguendo,* that the alleged incident took place. *Wood v. United States,* 995 F.2d 1122 (1st Cir.1993); *McHugh v. University of Vermont,* 966 F.2d 67 (2d Cir.1992). On the other hand, both the Third Circuit and the District of Columbia Circuit have held that the Attorney General may properly file a certification when the plaintiff alleges conduct which is beyond the scope of the defendant's employment, but which the Attorney General determines did not occur. *Melo v. Hafer,* 13 F.3d 736 (3d Cir.1994); *Kimbro v. Velten,* 30 F.3d 1501 (D.C.Cir.1994), *cert. denied,* 515 U.S. 1145, 115 S.Ct. 2584, 132 L.Ed.2d 833 (1995); *see also Wood,* 995 F.2d at 1134 (Coffin, Selya, & Boudin, J.J., dissenting).

■ The Court finds that the *Melo* and *Kimbro* courts present the better-reasoned approach to this question. The Court therefore concludes that the Attorney General, in issuing a certification, is *not* required to assume that the defendant engaged in the alleged conduct. Accordingly, the Court will allow the government to introduce its alibi evidence at the hearing on the scope of employment.

The Court is satisfied that fairness dictates such a result. If the rule were otherwise, a defendant who was indeed acting within the scope of his employment would suffer the very injury that Congress sought to avoid in enacting the Westfall Act.[2] The federal em-

---

**1.** The government does not argue that the incidents, if they occurred as Deane alleges, would be behavior within the scope of Agent Light's duties. Rather, the Scope Certificate amounts to an assertion that Agent Light was at all times acting within the scope of his employment because, in the Attorney General's view, the incidents did not occur as alleged.

**2.** The Westfall Act provided that an action under the Federal Employees Liability Reform and Tort

ployee would have to go through a complete jury trial on the merits only after which it would be known that he was actually always immune from that which he has endured. *Accord Kimbro,* 30 F.3d at 1509.

The Court also notes that in the recent case of *Gutierrez de Martinez v. Lamagno,* 515 U.S. 417, 115 S.Ct. 2227, 132 L.Ed.2d 375 (1995), the Supreme Court reversed Fourth Circuit precedent by holding that the Attorney General's scope certificate is conclusive only for purposes of removal, and not for purposes of substitution.[3] The *Gutierrez* Court expressed its concern that the Attorney General's delegates, the United States Attorneys, may be motivated to issue unwarranted scope certificates in cases where the action would likely be dismissed following the substitution of the United States as a party defendant. *Id.* at 427–29, 115 S.Ct. at 2233. This Court finds that, just as the Attorney General should not control the scope of employment question, neither should the plaintiff. If the Court were to accept all of the allegations in a complaint as true, then a plaintiff, through skillful pleading, could effectively control the certification process and nullify a certificate without any judicial finding. *Accord Kimbro,* 30 F.3d at 1509.[4]

Finally to the extent that Deane relies on certain language from the *Wilson* case, the Court notes that in *Wilson,* the government did not contend, as in this case, that the federal employee did not commit the alleged acts. Rather, the government conceded that the employee committed the acts, but argued that she acted within the scope of her employment. Accordingly, *Wilson* does not control the question now before the Court.

## IV.

As stated from the bench, the Court adopts the sound reasoning expressed by the Third and District of Columbia Circuits in *Melo* and *Kimbro.* The Court finds that it was proper for the Attorney General to file the Scope Certificate based on her finding that Agent Light did not engage in the conduct alleged by the Deane.[5] Given that the Scope Certificate is *prima facie* evidence that Agent Light was acting within the scope of his employment, *Wilson,* 902 F.Supp. at 679, the Court will grant the Notice of Substitution if Deane fails to come forward at the evidentiary hearing with competent evidence that Agent Light committed the alleged conduct. Because the government's alibi evidence is relevant to the validity of the Scope Certificate, Deane's Motion In Limine to exclude such evidence will be denied.

An appropriate Order shall issue.

## ORDER

This matter is before the Court on Plaintiff's Motion in Limine (Docket No. 24). Upon due consideration, for the reasons stated from the bench and in the Memorandum this day filed, and deeming it just and proper to do so, it is ADJUDGED and ORDERED

Compensation Act against the United States is the exclusive remedy available to an individual claiming he was injured by the wrongful or negligent action of a federal employee acting within the scope of his employment. 28 U.S.C. § 2678(b)(1).

**3.** In *Johnson v. Carter,* 983 F.2d 1316 (4th Cir.), *cert. denied,* 510 U.S. 812, 114 S.Ct. 57, 126 L.Ed.2d 27 (1993), the Fourth Circuit had determined that the Attorney's General certification that the defendant was acting within the scope of his employment was conclusive for the purpose of substitution and not reviewable by a court.

**4.** For example, an artful pleader could transform a job related tort into a non-job related tort simply by alleging an "off-duty" state of mind, (*i.e.,* "malicious" intent), or by alleging that a negligent action was carried out intentionally.

These alleged acts would, in most instances, fall outside an employee's scope of employment. *See Melo,* 13 F.3d at 743.

**5.** The Court's holding does not prejudice Deane's right to a jury trial. If the Court determines after the hearing that Agent Light was indeed acting within the scope of his employment, then the United States is the proper party and Deane is not entitled to a jury. *Lehman v. Nakshian,* 453 U.S. 156, 160, 101 S.Ct. 2698, 2701, 69 L.Ed.2d 548 (1981) (Seventh Amendment does not apply to actions against the United States). On the other hand, if the Court finds that Agent Light was *not* acting within the scope of his employment, then Deane is hardly prejudiced— he will have prevailed in establishing that Agent Light committed the alleged acts, and is entitled to a jury trial as to the remaining issues in this case. *See Kimbro,* 30 F.3d at 1501 & n. 4; *Wood,* 995 F.2d at 1136–38 (dissent).

that Plaintiff's Motion be, and the same is, hereby DENIED.

The Court VACATES its Order of February 14, 1997 to the extent that the Court ordered that an evidentiary hearing would be held at 9:00 a.m. on March 17, 1997.

The parties are FURTHER ORDERED to contact the Court by telephone before Tuesday, March 18, 1997 so that the Court may set a new date for an evidentiary hearing to be held.