UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JENNIFER DAHL MURPHY; WENDY K.
JEFFERSON; BARBARA CRAWFORD;
DIANE V. MARSHALL; LINDA V.
ADGERSON; MERICAL F. PAGE-FILLIE;
ANITA BAKER; ALVINA M. WALTERS;
BRENDA L. BERKLEY; CATHY BETHEA;
HELEN PHILIPPE-THEODULE; FLORENCE
R. KIRSCH; CHRISTINE D. JOSEPH;
YVONNE UPSHUR; LORRAINE KELLY;
NELLO POWELL; CHARLES BERKLEY;
JAMES LIVINGSTON; ROBERT C.

No. 98-2308

MOORE; GEORGE CUFFIA; ROBERT S.
MUSE; VALERIE BENNETT; KELLEE L.
ALLEN; ERNEST A. REID, individually
and as class representatives on
behalf of all individuals similarly
situated,
Plaintiffs-Appellants,

v.

TOGO D. WEST, JR., Secretary of the
Army, Department of the Army,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Andre M. Davis, District Judge.
(CA-98-185-AMD)

Submitted: January 29, 1999

Decided: February 11, 1999

Before HAMILTON, WILLIAMS, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michael J. Wilson, HERMINA LAW GROUP, Laurel, Maryland, for Appellants. Lynne A. Battaglia, United States Attorney, Charles J. Peters, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants, present and former employees of the Army Research Laboratory ("ARL") in Adelphi, Maryland, appeal the district court's order dismissing their class action filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16 (1994), and 42 U.S.C. § 1981 (1994), asserting sexual harassment, race and sex discrimination, and retaliation. We agree with the district court that the class failed to exhaust its administrative remedies and affirm.

In 1995 Appellants filed a class action in district court. On June 3, 1996, the defendants in that action filed a motion to dismiss asserting that the plaintiffs had failed to exhaust their administrative remedies by filing an administrative class complaint with the ARL's Equal Employment Opportunity Office ("EEO"). On June 26, 1996, class representative Jennifer Murphy filed an administrative complaint with the EEO. In accordance with internal agency regulations, the EEO held the administrative complaint in abeyance pending the resolution of the federal lawsuit. On November 13, 1996, the district court dismissed the class complaint for failure to exhaust administrative remedies. See Murphy v. West, 945 F. Supp. 874, 876-77 (D. Md. 1996).

2

In dismissing the action the court refused to recognize a "futility" exception to the Title VII exhaustion requirement in light of plaintiffs' complete disregard for the administrative process. Id. at 876. The EEO then notified Murphy of her right to contact an EEO counselor so that the EEO could investigate the allegations of discrimination set forth in the June 26, 1996, class complaint.

Thereafter class counsel sent EEO Counselor Shirley Cason a letter in which he asserted an unequivocal lack of confidence in the EEO's ability to adequately investigate and resolve the class's allegations of discrimination. Nonetheless, counsel and Murphy met with Cason as part of the precomplaint counseling process. Following the meeting, Cason sent counsel a series of letters advising him of the established procedures governing the investigation and disposition of EEO complaints, and further indicating that she would be unable to investigate the matter unless the class gave her a revised complaint that clearly articulated the alleged adverse discrimination upon which the class sought relief. Counsel responded by accusing Cason and the EEO of delaying the investigation and asserted that the class had already adequately informed the EEO of the discriminatory conduct relevant to their claims. His letter further stated that if the EEO did not inform the class of the results of its investigation in ten days, the class would refile suit in federal court.

On June 9, 1997, Cason terminated the EEO's informal inquiry based on the class's failure to present her with clear and specific allegations upon which she could base her investigation. Counsel then filed a formal class action complaint with the EEO. An Administrative Law Judge ultimately dismissed the complaint after the class filed this action in federal court.

Whether a party is entitled to summary judgment is reviewed de novo. See Nguyen v. CNA Corp., 44 F.3d 234, 236-37 (4th Cir. 1995).[1]

_____

[1] Appellants are correct in their assertion that while purportedly granting Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6), the district court's consideration of documents and affidavits outside the pleadings resulted in a grant of summary judgment. See Fed. R. Civ. P. 12(b); Jakubiak v. Perry, 101 F.3d 23, 25 n.1 (4th Cir. 1996). Appellants are incorrect, however, that this oversight warrants reversal of the district court's order. See id.

3

A summary judgment motion should be granted only if there is no genuine dispute as to an issue of material fact and the moving party is entitled to judgment as a matter of law. Id. (citing Fed. R. Civ. P. 56(c)); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Timely exhaustion of administrative remedies is a prerequisite to filing suit in federal court pursuant to Title VII. See 42 U.S.C. § 2000e-16(c) (1994); 29 C.F.R. § 1614.110 (1997) (following the final decision of an agency, an employee may either appeal to the Equal Employment Opportunity Commission, or file a civil action in federal district court); Zografov v. V.A. Med. Ctr., 779 F.2d 967, 968-69 (4th Cir. 1985); Woodard v. Lehman, 717 F.2d 909, 914 (4th Cir. 1983). The exhaustion procedures set forth in Title 29, section 1614 of the Code of Federal Regulations expressly apply to class complaints. See 29 C.F.R. § 1614.103(a) (1997). Those procedures state:

> [a]n aggrieved person must initiate contact with a[n] [EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action.

29 C.F.R. § 1614.105(a)(1) (1997). During this precomplaint procedure, the complainant must provide the EEO Counselor with "specific information or details of discriminatory action suffered by [the class]." Woodward, 717 F.2d at 914. The failure to provide such specified information requires the dismissal of a complaint for failure to exhaust administrative remedies. Id.

Appellants' June 26, 1996, class complaint alleged only general acts of discrimination against African Americans and women, without naming the specific individuals subject to discrimination, the specific date on which the discrimination took place, or any other details regarding the discrimination. During the precomplaint procedure, Appellants did not provide the EEO Counselor with more detailed information about the alleged discriminatory actions forming the basis of the class complaint. On this basis we find that the district court properly dismissed Appellants' Title VII claims for failure to exhaust administrative remedies.**2**

_____
**2** The district court also dismissed the complaint to the extent that it sought to predicate jurisdiction upon 42 U.S.C. § 1981. While the Appel-

4

We find no merit to Appellants' contention that a past history of individual complaints of discrimination and the filing of the 1995 federal lawsuit absolved them of the obligation to provide the EEO with additional information. The precomplaint procedures set forth in 29 C.F.R. §§ 1614.103-105, provide no such exception to the requirement that the complainant provide "specific information or details of discriminatory action suffered by [the class]" within 45 days of the initial contact with the counselor. Woodward, 717 F.2d at 914. Appellants offer no support for their assertion that because EEO Counselor Cason had no knowledge of the past complaints she was not qualified to terminate the precomplaint process based on her inability to obtain requisite information from the Plaintiffs.

The record is devoid of any indication that the class ever contacted the EEO prior to the class complaint filed June 26, 1996, and prior complaints filed by individual class members and the exhaustion of individual administrative remedies are not sufficient to satisfy the exhaustion requirements for a class action suit. See Gulley v. Orr, 905 F.2d 1383, 1385 (10th Cir. 1990) (citing cases). Hence, Appellants' failure to provide specific information of discriminatory conduct occurring within the forty-five days prior to the class's initiation of contact with the EEO constituted a failure to comply with the exhaustion procedures.

Appellants also claim that the district court erred in denying limited discovery to investigate whether the EEO complied with its own regulatory scheme and properly handled the past complaints of discrimination filed by individual class members. We review a district court's actions in managing discovery for an abuse of discretion. See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc., 43 F.3d 922, 929 (4th Cir. 1995). The district court refused to permit discovery based on Appellants' failure to make a substantial showing that

_____

lants have not challenged the dismissal of their § 1981 claims, we note that § 717 of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16, provides the exclusive judicial remedy for claims of discrimination by federal employees. See Brown v. General Serv. Admin., 425 U.S. 820, 835 (1976); Zombro v. Baltimore City Police Dep't, 868 F.2d 1364, 1368 (4th Cir. 1989).

5

the requested discovery was essential to the fair resolution of the pending motion to dismiss. We can find no authority in support of Appellants' assertion that under the circumstances the district court was required to permit discovery on the issue of exhaustion. Even without EEO records, Appellants had the opportunity to present affidavits to the district court to demonstrate that a material dispute existed on the issue of whether or not they had exhausted their administrative remedies.[3] Accordingly, we find no abuse of discretion in the district court's denial of Appellants' discovery motion.

Finally, Appellants assert that the futility exception to the exhaustion requirement is applicable to this case, and that the district court erred in not equitably tolling the Title VII time requirements in light of the alleged history of discrimination complaints class members filed with the EEO. We find that Appellants have waived these claims on appeal based on their failure to raise them in this case before the district court. See Liberty Corp. v. NCNB Nat'l Bank, 984 F.2d 1383, 1389 (4th Cir. 1993).

The record contains no evidence from which we can conclude that Appellants, as a class, initiated contact with the EEO within 45 days of the alleged discriminatory conduct suffered by the class. We therefore find that Appellants failed to comply with the exhaustion procedures set forth in 29 C.F.R. § 1614.105(a)(1), and affirm the district court's dismissal of the class complaint on this basis. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____
[3] We note that the only affidavit Appellants produced acknowledged that the EEO never gave any indication that any of the past complaints filed by individual class members would be addressed as class complaints.

6