Gladys **RIVERA–CARRION,**
et al., Plaintiffs

v.

Dr. Max **MIRANDA, et al., Defendants.**

**Civil No. 07–1504(SEC).**

United States District Court,
D. Puerto Rico.

Jan. 8, 2008.

---

Glenn Carl James–Hernandez, James Law Offices, Guaynabo, PR, for Plaintiffs.

Lisa E. Bhatia–Gautier, United States Attorney's Office, San Juan, PR, for Defendants.

## OPINION AND ORDER

SALVADOR E. CASELLAS, Senior District Judge.

This case is before the Court pursuant to a Notice of Removal filed by Co–Defendants Dr. Iris A. Oquendo–Negrón (hereinafter Oquendo), and Gurabo Community Health Center (GCHC) in the above captioned case, which was filed before the Puerto Rico Court of First Instance. *See,* Docket # 1. Plaintiffs moved to remand the case arguing that the notice of removal was filed untimely. *See,* Docket # 6. Shortly thereafter, the United States of America moved to substitute itself for the abovementioned defendants and to oppose Plaintiff's motion to remand. *See,* Docket # 8. It also moved to dismiss the case against these Defendants for Plaintiffs' failure to exhaust administrative remedies. *See,* Docket # 7. Defendants' motion to dismiss now stands unopposed. After reviewing the filings and the applicable law, Plaintiffs' Motion to Remand is hereby **DENIED,** and Defendants' Motion to Dismiss is hereby **GRANTED.**

## Applicable Law and Analysis

Plaintiff sued various defendants in the Puerto Rico Court of First Instance seeking redress for the damages allegedly caused by Defendants' medical malpractice. The above-mentioned Defendants filed a notice of removal in this Court (Docket # 1), and Plaintiffs moved to remand (Docket # 6).

The removal statute provides that

(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant ... of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based....

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant ... of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable....

28 U.S.C.A. § 1446(a) & (b).

That is, ordinarily, for a Defendant to remove an action from state court to federal court, it must timely file a notice of removal in the district court within thirty days after the service of summons upon the defendant of the complaint or after the receipt by the defendant of any pleading from which it may be first ascertained that the case is removable. *Id.* Plaintiff argues that, whatever the reasons stated by the Defendants for removal, remand is proper because Defendants failed to file their notice of removal within the statutory period.

■ Defendants demur. They argue that pursuant to the Federal Employees Liability Reform and Tort Compensation Act (FELRTCA) of 1988, 28 U.S.C.A. § 2679, a plaintiff seeking damages in tort against an employee of the United States of America, shall have a remedy, exclusive of any other state claim, against the United States, if the tort-feasor-employee was acting within the scope of his office or employment at the time of the incident giving rise to the complaint. They further argue that pursuant to said section, the case is removable to the district court at any time before the state case goes to trial, if it complies with section 2679's requirements.

Section 2679 of Title 28 provides that once the Attorney General certifies that the employee-defendant was acting within the scope of his employment with the United States,

any civil action or proceeding commenced upon such claim in a State Court **shall be removed without bond at any time before trial** by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title ... and the United States shall be substituted as the party defendant.

28 U.S.C.A. § 2679(d)(2)(emphasis added).

That is, "the unambiguous language of Section 2679(d)(2) requires only that the government remove before trial a suit in which the Public Health System (PHS) has deemed a qualified health care employee as a federal employee." *McLaurin v. U.S.*, 392 F.3d 774, 778–79 (5th Cir.2004). There is "no other time limitation or requirement on removal in a suit under section 2679." *Id.* at 779; *see also, Guerrero v. Alivio Medical Center, Inc.*, 2003 WL 21688240 at *1 (N.D.Ill.2003)(unpublished)(stating that removal was proper even if made after the thirty days provided by section 1446, as it was made prior to trial, in compliance with section 2679); *Wilson v. Jones*, 902 F.Supp. 673, 677 (E.D.Va.1995)(removal was timely because it was made before the state case went to trial.)

The Attorney General has certified that Oquendo was working in furtherance of her employment with the United States when the incidents giving rise to Plaintiff's complaint took place. *See,* Docket # 8, at

p. 3 & Ex. 1. They further certified that the case pending in state court had not gone to trial. *Id.* Plaintiffs have not controverted these issues.

 In light of the discussion above, we conclude that Defendants properly removed this case against the above-mentioned Defendants to this court, and Plaintiff's motion to remand is **DENIED**. *See, Osborn v. Haley,* —— U.S. ——, 127 S.Ct. 881, 887–88, 166 L.Ed.2d 819 (2007)(stating that the FELRTCA, a/k/a the Westfall Act, accords federal employees absolute immunity from common law tort claims arising out of acts they undertake in the course of their official duties, and upon the Attorney General's certification to that effect, "the litigation is thereafter governed by the Federal Tort Claims Act, and if commenced in state court, the case is to be removed to a federal district court, and the certification remains conclusive for purposes of removal.") Plaintiffs' argument that the notice of removal was untimely ignores the fact that section 2679 governs in this case, and its only time limit is that the case is removed prior to the state case going to trial. Furthermore, the statutory 30–days period provided by the removal statute is not jurisdictional. *See, Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209, 1212 (9th Cir.1980)("statutory time limit for removal petitions is merely a formal and modal requirement and is not jurisdictional."); *see also, St. Louis Home Insulators v. Burroughs Corp.,* 597 F.Supp. 98, 99 (E.D.Miss.1984)(same).

In view of the above, we **GRANT** the United States' motion to substitute the abovementioned Defendants for the United States (Docket # 8), and **DENY** Plaintiffs' motion to remand (Docket # 6).

 The federal Defendants also moved to dismiss the Complaint against them for lack of subject matter jurisdiction because Plaintiff failed to exhaust administrative remedies as required by the Federal Tort Claims Act. *See,* Docket # 7. Section 2675 of Title 28 provides that

> [a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, **unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.**

28 U.S.C.A. § 2675(a)(emphasis added). Failure to exhaust administrative remedies under the FTCA is a jurisdictional prerequisite to every FTCA claim. *Cotto v. United States,* 993 F.2d 274, 280 (1st Cir. 1993); *see also, González v. U.S.,* 284 F.3d 281, 288 (1st Cir.2002)("it is well settled that an FTCA claim must be dismissed if a plaintiff fails to file a timely administrative claim ... compliance with this statutory requirement is a jurisdictional prerequisite to suit and cannot be waived.") As such, if Plaintiffs failed to exhaust the administrative remedies as required by the FTCA, the Court lacks subject matter jurisdiction to entertain their claim pursuant to said statute. *Id.* Because Defendants have challenged the Court's subject matter jurisdiction over Plaintiff's FTCA claim, it is Plaintiffs' burden to prove that they did exhaust the administrative remedies. *Aversa v. U.S.A.,* 99 F.3d 1200, 1209 (1st Cir.1996). Since Defendants' motion to dismiss for lack of subject matter jurisdiction stands unopposed, Plaintiffs have failed to meet this burden. As such, Plaintiffs' Complaint, as it relates to the above-

mentioned defendants[1], is hereby **DIS-MISSED with prejudice.** Judgment will be entered accordingly.

**SO ORDERED.**

---

**1.** The remaining defendants did not remove the claims filed against them to the Court. The appearing defendants explained in the notice that they were the only defendants entitled to removing pursuant to 28 U.S.C.A. § 1442, and, as such, Plaintiffs' complaint against the remaining defendants will still remain pending in state court.