**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

STANLEY J. JAKUBIAK,
<u>Plaintiff-Appellant,</u>

v.

No. 95-2906

WILLIAM J. PERRY, Secretary of
Defense,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CA-95-721-A)

Argued: September 26, 1996

Decided: November 18, 1996

Before WILKINS, WILLIAMS, and MOTZ, Circuit Judges.

_____

Reversed and remanded by published opinion. Judge Williams wrote
the opinion, in which Judge Wilkins and Judge Motz joined.

_____

**COUNSEL**

**ARGUED:** Edward Jay Tolchin, FETTMANN & TOLCHIN, Fair-
fax, Virginia, for Appellant. Jery Kaylene Somers, Assistant United
States Attorney, Alexandria, Virginia, for Appellee. **ON BRIEF:**
Helen F. Fahey, United States Attorney, Alexandria, Virginia, for
Appellee.

_____

**OPINION**

WILLIAMS, Circuit Judge:

Stanley Jakubiak brought a sex discrimination suit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.A.§ 2000e-16 (West 1994), against his employer, the United States Department of Defense (the Department). Specifically, Jakubiak complains that the Department hired a less qualified female applicant for a position to which he applied. The Department, arguing that Jakubiak failed to exhaust his administrative remedies, moved to dismiss his complaint. The district court found that Jakubiak did not see an Equal Employment Opportunity (EEO) Counselor about his complaint within 45 days of the alleged discriminatory action, as required by 29 C.F.R. § 1614.105(a)(1) (1995), and that the requirement to do so could not be waived. As a result, the district court granted the Department summary judgment.[1] Finding that Jakubiak was entitled to a waiver of the 45-day time limit, we reverse.

I.

Although the merit of Jakubiak's discrimination suit is not relevant to the questions we address herein, the sequence of events leading up to it is. In 1993 Jakubiak was employed, as he was at the time of the district court's ruling, by the Department as Chief of the Nuclear Command, Control, and Communications Branch of the Joint Staff. In September of that same year, Jakubiak applied for the position of

_____

[1] The Department actually made a motion to dismiss under Rule 12(b)(6). In considering the Department's motion, the district court reviewed documents and affidavits submitted by both parties. According to Rule 12(b):

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleadings to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the matter shall be treated as one for summary judgment, and disposed of as provided in Rule 56.

Fed. R. Civ. P. 12(b). As a result, although purporting to grant the Department's motion to dismiss under Rule 12(b)(6), the district court granted the Department summary judgment.

2

Deputy Director, Space and Nuclear Forces Command, Control, and Communications (Deputy Director).

By April 1994, Jakubiak had heard several rumors that the Department planned to appoint Cynthia Raiford to the Deputy Director position. Believing that Raiford was unqualified for the position, Jakubiak lodged an informal grievance with the Department's Executive Personnel and Classification Division (Personnel). Although Jakubiak was not instructed to see an EEO Counselor, he was given a copy of Administrative Instruction No. 37, a fifteen page, single-spaced document that did not describe any time limitation for seeking out an EEO Counselor.

Administrative Instruction No. 37 made reference to a second document, which stated that discrimination complaints must be brought to the attention of an EEO Counselor within 30 days (now 45) of the date of the discriminatory action. This document, Administrative Instruction No. 9, was unpublished and was last updated in 1979.

In early May, Personnel denied Jakubiak's informal grievance. Personnel told Jakubiak that he could submit a formal grievance but again failed to instruct him to see an EEO Counselor. Within a week Jakubiak filed a formal grievance with Personnel and was given another copy of Administrative Instruction No. 37. In mid-May, Jakubiak's formal grievance was denied by the Department's EEO Officer in Personnel. The letter informed Jakubiak that"there is no right to further administrative review" of the matter.

Near the end of May, Jakubiak visited the Inspector General's Office to discuss the matter. Jakubiak was told to submit a written complaint, which he did on June 1, 1994, but was not told to see an EEO Counselor. Although not posted anywhere in the building where Jakubiak works, notice of the 45-day time limit for contacting an EEO Counselor was posted on several bulletin boards in the building housing the Inspector General's Office.

In mid-July, Jakubiak called the Inspector General's Office for an update on his complaint. Jakubiak was told that the investigation was proceeding and that he should not call the Inspector General's Office for any further information concerning the matter; rather, the Inspec-

3

tor General's Office would contact him. Jakubiak received no notice of any further action taken concerning the matter until sometime after July 25, 1994. At that time Jakubiak received a letter from the Department informing him that "another candidate was selected to fill the position."

On August 23, 1994, Jakubiak met with an EEO Counselor. At the meeting, Jakubiak provided the EEO counselor with documentation of his prior grievances, including the complaint filed with the Inspector General's Office. In early September, Jakubiak received a Notice of Rights and Responsibilities from his EEO Counselor. The notice included a pamphlet explaining the requirement that he contact an EEO Counselor within 45 days of the alleged discriminatory action. Shortly thereafter, the Department's EEO Office advised Jakubiak that his initiation of contact was timely, as he had contacted an EEO Counselor within 45 days of receiving the July 25 letter.

On September 23, 1994, an EEO Counselor advised Jakubiak that he could file an EEO complaint, which he did on October 6, 1994. On December 1, 1994, the Department's EEO Office advised Jakubiak that his allegation "ha[d] been accepted" and that it would be investigated. In September 1995, after deciding that the Department's EEO Office had not adequately acted on his complaint, Jakubiak filed suit in the United States District Court for the Eastern District of Virginia. Jakubiak alleged that the Department discriminated against him when, based solely on sex, it selected a less qualified female applicant for the Deputy Director position. See Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e-16 (West 1994).

Asserting that Jakubiak failed to exhaust his administrative remedies, the Department moved to dismiss his suit for failing to state a claim upon which relief could be granted. See Fed. R. Civ. P. 12(b)(6). In ruling on the Department's motion, the district court found that the Department's selection of Raiford for the Deputy Director position was the alleged act of discrimination. Starting the 45-day clock on that date (May 29, 1994), the district court found that Jakubiak's initial consultation with an EEO Counselor in early August was untimely. The district court also found that Jakubiak was not entitled to a waiver of the 45-day time limit. Specifically, the district court found that Administrative Instruction No. 37's reference to

4

Administrative Instruction No. 9, which contained the timing rules, put Jakubiak on notice that he needed to see an EEO Counselor within 45 days of the action alleged to be discriminatory. Accordingly, the district court granted the Department summary judgment. This appeal followed.

II.

On appeal, Jakubiak raises two challenges to the district court's interpretation of 29 C.F.R. § 1614.105. First, Jakubiak argues that the 45-day clock should start on July 25, 1994, the date the Department officially notified him that Raiford was appointed Deputy Director. Second, Jakubiak argues that regardless of when the 45-day clock actually started, the 45-day time limit should be waived. We address Jakubiak's two arguments in turn.

We review a district court's grant of summary judgment de novo. See Higgins v. E.I. Dupont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is proper only if no material facts are in dispute. See Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In deciding whether facts are in dispute, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

A.

Jakubiak contends that the district court erred in starting the 45-day time limit on May 29, 1994, the date Raiford was appointed Deputy Director. Jakubiak argues that the 45-day time limit is measured from the date of the last discriminatory act, which he claims occurred on July 25, 1994, when he was officially notified that "another candidate was selected to fill the position." Under Jakubiak's suggested reading of the regulation, he initiated counseling within the 45-day window by visiting an EEO Counselor on August 23, 1994.

We find Jakubiak's first contention to be without merit. To determine when the 45-day time period begins, 29 C.F.R.§ 1614.105(a)(1) expressly distinguishes cases involving personnel actions from other

5

cases involving allegations of discrimination. Specifically, the regulation provides: "an aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R.§ 1614.105(a)(1).

Starting the 45-day time limit from the date of the "last discriminatory act" makes sense in cases alleging ongoing discrimination. However, this case involves an allegedly discriminatory personnel action.[2] For such an action, the regulation explicitly provides that the 45-day clock runs from the "effective date of the action." 29 C.F.R. § 1614.105(a)(1). Here, the personnel action of which Jakubiak complains is Raiford's appointment to the position of Deputy Director. The SF-50, Notification of Personnel Action, officially installed Raiford as Deputy Director on May 29, 1995. Therefore, the 45-day time period began on that date. Accordingly, Jakubiak did not timely initiate counseling by visiting an EEO Counselor in late August.

B.

Jakubiak argues that even if the 45-day time limit started running on May 29, 1994, the time limit must be waived in this case. Under certain circumstances, waiver of the 45-day time limit is mandatory:

> The agency or the Commission shall extend the 45-day time limit in paragraph (a)(1) of this section [i] <u>when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them,</u> [ii] that he or she did not know and reasonably should not have known that the discriminatory matter or personnel action occurred, [iii] that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the coun-

_____

[2] In a case of ongoing discrimination, as we have previously noted, the time limit begins with "the discriminatory act, not from the time of a later, inevitable consequence of that act." <u>Young v. National Center for Health Services Research</u>, 828 F.2d 235, 237 (4th Cir. 1987) (interpreting 29 C.F.R. § 1613.214(a)(1), the predecessor to 29 C.F.R. § 1614.105(a)(1)) (citing <u>Delaware State College v. Ricks</u>, 449 U.S. 250, 258 (1980)).

6

selor within the time limits, or [iv] for other reasons considered sufficient by the agency or the Commission.

29 C.F.R. § 1614.105(a)(2) (emphasis added). Jakubiak argues that the 45-day time limit must be waived because he was "not notified of the time limits and was not otherwise aware of them." We agree.

Jakubiak contends that he was not "aware" of the time limitation until after he first met with an EEO Counselor in August of 1994, a point the Department does not dispute. Instead, the Department argues that Jakubiak received sufficient notice of the 45-day time limit when he was given a copy of Administrative Instruction No. 37. The Department contends, and the district court found, that the reference in Administrative Instruction No. 37 to Administrative Instruction No. 9, which describes EEO timing rules, constituted sufficient notice of the 45-day time limit.

Notice is sufficient only if it is reasonably geared to inform an employee that he must see an EEO Counselor within 45 days of the alleged discriminatory action. See, e.g. , Johnson v. Runyon, 47 F.3d 911, 918 (7th Cir. 1995) (noting that in order to satisfy the first exception in 29 C.F.R. § 1614(a)(2), the notice must be "`reasonably geared to inform the complainant of the time limits'" (quoting Myles v. Schlesinger, 436 F. Supp. 8, 17 (E.D. Pa. 1976))). As a result, resolution of this issue turns on whether the reference in Administrative Instruction No. 37 to Administrative Instruction No. 9 was reasonably geared to inform Jakubiak that he needed to see an EEO Counselor within 45 days of the alleged discriminatory action. We find that it was not. An oblique reference to an outdated and unpublished document, never provided to or read by a complainant, does not provide the kind of notice contemplated by the regulation.

We are not alone in rejecting this type of notice. In Ettinger v. Johnson, 556 F.2d 692 (3rd Cir. 1977), the Third Circuit held that an employee bulletin referring to another document, which contained the proper complaint procedures, did not provide an employee with sufficient notice of time limits. Id. at 698 (concluding that "[a] reference in an employee bulletin to a personnel manual, without more, is insufficient to bring home to the employee the required notification of complaint procedures"); see also Myles, 436 F. Supp. at 18 (conclud-

7

ing that a reference in an employee handbook to another document, which contained time limits to be observed in filing a formal complaint, was not sufficient to inform employees of the 45-day time limit). In any event, the type of notice Jakubiak received is inadequate in light of the affirmative obligation on the Department to provide its employees with the correct information. See 29 C.F.R. § 1614.102(b)(6) ("In order to implement its program, each agency shall: Publicize to all employees and post at all times . . . a notice of the time limits and necessity of contacting a Counselor before filing a complaint.").

III.

We find that the district court erred by ruling, as a matter of law, that Jakubiak was adequately notified of the time limits.[3] As a result, the judgment of the district court is reversed and the case is remanded for further proceedings.

REVERSED AND REMANDED

_____

[3] The Department raised other arguments in support of its contention that Jakubiak had sufficient notice of the 45-day time limit. We find these additional arguments, which were not relied on below, meritless. More specifically, we reject the argument that Jakubiak received notice from his two trips to a building within which the timing rules were posted.

8