**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

KHALID MASOOD, Ph.D,
Plaintiff-Appellant,

v.

No. 98-1444

DONNA E. SHALALA, SECRETARY OF
HEALTH AND HUMAN SERVICES,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CA-97-2575-PJM)

Submitted: January 29, 1999

Decided: February 16, 1999

Before ERVIN, HAMILTON, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Khalid Masood, Appellant Pro Se. Perry F. Sekus, OFFICE OF THE
UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Khalid Masood appeals the district court's order granting summary judgment to his former federal government employer in this discrimination action. See 42 U.S.C.A. § 2000e-16 (West 1994 & Supp. 1998). We have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we affirm on the reasoning of the district court's order, see Masood v. Shalala, No. CA-97-2575-PJM (D. Md. Feb. 24, 1998), incorporating the reasons for its decision as stated in open court on February 18, 1998.

Because Masood failed to raise the issue of whether his employer's alleged discriminatory conduct was a "continuing violation," see Beall v. Abbott Labs., 130 F.3d 614, 620 (4th Cir. 1997), in the district court, we decline to address that issue for first time on appeal.* See Karpel v. Inova Health Sys. Servs., 134 F.3d 1222, 1227 (4th Cir. 1998) (declining to review issues not raised in the district court). See also Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993) (listing limited exceptions not raised in this appeal). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____
*Three of Masood's claims were dismissed because he failed to timely notify an EEO counselor. See Jakubiak v. Perry , 101 F.3d 23, 26-27 (4th Cir. 1996) (federal employee must notify an EEO counselor within 45 days of the allegedly discriminatory act or personnel decision).