**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BOARD OF DIRECTORS OF THE COUNCIL
OF CO-OWNERS OF PLACE ONE
CONDOMINIUM,
<u>Plaintiff-Appellant,</u>

v.

No. 99-1711

INTERNATIONAL FIDELITY INSURANCE
COMPANY,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CA-99-251-A)

Submitted: November 30, 1999

Decided: January 6, 2000

Before MICHAEL and MOTZ, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Kenneth E. Chadwick, Daniel B. Streich, CHADWICK, WASHING-
TON, OLTERS, MORIARTY & LYNN, P.C., Fairfax, Virginia, for
Appellant. Dawn C. Stewart, Lorraine M. Magee, Tamara M.
McNulty, MITTERHOFF, HENRICHSEN & STEWART, P.L.L.C.,
Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The Board of Directors of the Council of Co-Owners of Place One
Condominium ("Place One") appeals from the district court's order
dismissing its complaint and denying its motion for reconsideration,
Fed. R. Civ. P. 59. For the reasons that follow, we vacate and remand
for further proceedings.

In May 1995, Place One hired Proceres Companies, Inc., to repair
certain balcony tiers. International Fidelity Insurance Co. (IFIC)
issued a performance bond for the work. The bond contract provided
that:

> Any proceeding, legal or equitable, under this Bond may be
> instituted in any court of competent jurisdiction in the loca-
> tion in which the work or part of the work is located and
> shall be instituted within two years after Contractor Default
> or within two years after the Contractor ceased working or
> within two years after the Surety refuses or fails to perform
> its obligations under the Bond, whichever occurs first.

Proceres failed to complete the repairs and Place One filed this action
against IFIC on November 25, 1998.

IFIC moved to dismiss the complaint, claiming that it was filed
more than two years after Proceres defaulted on the contract. In sup-
port of its motion to dismiss, IFIC included a letter dated "November
1996" from Proceres to its creditors stating that: "With great regret,
and after consultation with counsel, [Proceres] ha[s] ceased opera-
tions as of November 13, 1996, with the exception on[sic] finishing
two or three minor projects."

In response to IFIC's motion, Place One claimed that the earliest
date of breach was November 27, 1996--the date that Place One

2

wrote a letter to Proceres stating that "the Board feels that Proceres has breached its contract with the Association." Also included with Place One's response was a letter from its attorney to IFIC, dated December 11, 1996, stating that Place One was "considering declaring a Contractor Default" against Proceres. With respect to the "November 1996" letter included with IFIC's motion to dismiss, Place One argued, first, that the letter failed to identify the "two or three minor projects" which the company planned to complete. Second, Place One argued that because the letter was date-stamped December 5, 1996, this was the earliest date that the letter could be deemed to be effective notice of the date that Proceres ceased working. Neither party filed supporting affidavits.

The district court found that, based on the November 1996 letter, the date of breach was November 13, 1996, and dismissed the complaint pursuant to Fed. R. Civ. P. 12(b)(6). Place One then filed a motion to reconsider under Fed. R. Civ. P. 59 in which it claimed, for the first time, that it had never actually received the November 1996 letter and attached an affidavit to that effect. The district court denied the motion. Place One appeals.

While purportedly granting IFIC's motion to dismiss under Fed. R. Civ. P. 12(b)(6), the district court's consideration of documents outside the pleadings resulted in a grant of summary judgment. See Fed. R. Civ. P. 12(b); Jakubiak v. Perry, 101 F.3d 23, 25 n.1 (4th Cir. 1996); Herbert v. Saffell, 877 F.2d 267, 270 (4th Cir. 1989). Rule 12(b)(6) allows a district court to convert a motion to dismiss for failure to state a claim into a motion for summary judgment, provided that the parties receive "reasonable opportunity" to present all pertinent materials. See Herbert, 877 F.2d at 270.

This court reviews the district court's granting of summary judgment de novo. See Farwell v. Un, 902 F.2d 282, 287 (4th Cir. 1990). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). We construe all facts and draw reasonable inferences in favor of the nonmovant. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

3

We conclude that Proceres's November 1996 letter does not clearly establish that the date of Proceres' default with respect to the Place One contract was November 13, 1996. As stated by Place One in its opposition to IFIC's motion to dismiss, there was no evidence put forth that the Place One contract with Proceres was not one of the "two or three minor projects" mentioned in the letter. Because neither party put forth any evidence as to when Proceres actually ceased working on the Place One contract, summary judgment was improperly granted to IFIC.

Accordingly, we vacate the district court's orders and remand the case for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

4