**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 99-7472**

———————

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

ANDRE CARDELL KING,

                                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Terrence W. Boyle, Chief District Judge, sitting by designation.  (CR-94-30-V, CA-98-391-V)

———————

Submitted:  March 31, 2000          Decided:  April 24, 2000

———————

Before WILKINS and NIEMEYER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Dismissed by unpublished per curiam opinion.

———————

Andre Cardell King, Appellant Pro Se.  Robert James Conrad, Jr., Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Andre Cardell King seeks to appeal the district court's order denying his motion filed under 28 U.S.C.A. § 2255 (West Supp. 1999).[1] We have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we deny a certificate of appealability and dismiss the appeal on the reasoning of the district court. See United States v. King, Nos. CR-94-30-V; CA-98-391-V (W.D.N.C. Feb. 17, 1999).[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[1] While purportedly granting the Government's motion to dismiss under Fed. R. Civ. P. 12(b)(6), the district court's consideration of documents outside the pleadings resulted in a grant of summary judgment. See Fed. R. Civ. P. 12(b); Jakubiak v. Perry, 101 F.3d 23, 25 n.1 (4th Cir. 1996). Rule 12(b)(6) allows a district court to convert a motion to dismiss for failure to state a claim into a motion for summary judgment, provided that, as here, the parties receive "reasonable opportunity" to present all pertinent materials. See Herbert v. Saffell, 877 F.2d 267, 270 (4th Cir. 1989).

[2] Although the order from which King appeals was filed on February 16, 1999, it was entered on the district court's docket sheet on February 17, 1998. February 17, 1999, is therefore the effective date of the district court's decision. See Fed. R. Civ. P. 58 and 79(a); see also Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).