**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

TIMOTHY P. FEENEY, t/a Whispering
Pines Nursery, Incorporated; STATE
AUTO INSURANCE COMPANIES,
<u>Plaintiffs-Appellants,</u>

No. 99-1771

v.

DONALD C. JONES, t/a Hickory
Mechanical Services,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CA-98-2616-S)

Submitted: March 20, 2000

Decided: April 26, 2000

Before LUTTIG and MICHAEL, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Herbert R. O'Conor, III, O'CONOR & GRANT, Towson, Maryland,
for Appellants. William C. Parler, Jr., PARLER & WOBBLER,
L.L.P., Towson, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Timothy P. Feeney, trading as Whispering Pines Nursery, and State Auto Insurance Companies appeal the district court's orders granting summary judgment to Donald C. Jones, trading as Hickory Mechanical Services, and denying a motion for reconsideration filed under Rule 59 of the Federal Rules of Civil Procedure. Finding no reversible error, we affirm.

After a fire destroyed a building housing the businesses operated by Feeney and Jones, Feeney filed a lawsuit in state court seeking damages, alleging that Jones' negligence caused the fire. Specifically, Feeney alleged that Jones was negligent in leaving his two dogs unattended at the business with an operating kerosene heater.*

Feeney challenges the district court's exclusion of his expert's testimony regarding the cause of the fire. A district court's decision to exclude testimony during its review of a motion for summary judgment is reviewed for abuse of discretion. See General Elec. Co. v. Joiner, 522 U.S. 136, 142-43 (1997). We find that the district court did not abuse its discretion by excluding the testimony of Feeney's expert.

We review a district court's grant of summary judgment de novo. See Jakubiak v. Perry, 101 F.3d 23, 26 (4th Cir. 1996). Summary judgment should only be granted if a party's submissions to the court "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.

_____

*The case was removed to federal court on the basis of diversity jurisdiction. See 28 U.S.C.A. § 1332 (West 1993 & Supp. 1999), 28 U.S.C. § 1441 (1994). Feeney's insurer, State Auto Insurance Companies was added as a use-plaintiff.

2

R. Civ. P. 56(c). We find that summary judgment for Jones was appropriate because Feeney offered no evidence, other than speculation, that Jones' dogs caused the fire. Without any evidence establishing that Jones' negligence in leaving the dogs unattended caused the fire, Feeney's claim must fail. See Rosenblatt v. Exxon Co., U.S.A., 642 A.2d 180, 188 (Md. 1994) (elements of a negligence action under Maryland law).

Furthermore, we find that the district court did not abuse its discretion by denying Feeney's motion for reconsideration filed under Rule 59 of the Federal Rules of Civil Procedure. See Pacific Ins. Co. v. American Nat. Fire Ins. Co., 148 F.3d 396, 402 (4th Cir. 1998), cert. denied, ___ U.S. ___, 67 U.S.L.W. 3337, 67 U.S.L.W. 3368, 67 U.S.L.W. 3454, 67 U.S.L.W. 3457 (U.S. Jan. 19, 1999) (No. 98-742).

Accordingly, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3