# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

SISIR CHATTOPADHYAY,
            *Plaintiff-Appellant,*

v.

TOMMY G. THOMPSON, SECRETARY,
UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES,
            *Defendant-Appellee.*

No. 02-1943

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
William M. Nickerson, Senior District Judge.
(CA-99-388-WNM)

Submitted: January 30, 2003

Decided: February 6, 2003

Before WIDENER, NIEMEYER, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Gary T. Brown, GARY T. BROWN & ASSOCIATES, Washington, D.C., for Appellant. Thomas M. DiBiagio, United States Attorney, Jamie M. Bennett, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Sisir Chattopadhyay appeals from the district court's orders granting summary judgment to the Employer and dismissing his employment discrimination action based upon national origin for failure to timely exhaust administrative remedies and denying his motion for reconsideration. Finding no error, we affirm.

This court reviews de novo a district court's order granting summary judgment and views the facts in the light most favorable to the nonmoving party. *Providence Square Assocs., L.L.C. v. G.D.F., Inc.*, 211 F.3d 846, 850 (4th Cir. 2000). Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). Summary judgment will be granted unless a reasonable jury could return a verdict for the nonmoving party on the evidence presented. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

A federal employee is required to timely exhaust his administrative remedies by initiating contact with an EEO counselor within forty-five days of the date of the matter alleged to be discriminatory, or of the effective date of the alleged discriminatory personnel action. 29 C.F.R. § 1614.105(a)(1) (2001); *Jakubiak v. Perry*, 101 F.3d 23, 26-27 (4th Cir. 1996) (federal employee must notify EEO counselor within 45 days of discriminatory incident). The time limit may be extended if the complainant shows that he was not notified or aware of the time limits. 29 C.F.R. § 1613.214(a)(4) (2001).

Courts strictly adhere to time limits and rarely allow equitable tolling of limitations periods. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95-96 (1990). After a review of the record, we conclude that Chattopadhyay had constructive notice of the EEO filing requirements. *See Nealon v. Stone*, 958 F.2d 584, 589-90 (4th Cir. 1992); *Zografov v. V.A. Medical Ctr.*, 779 F.2d 967, 968-70 (4th Cir. 1985).

We therefore affirm the judgment order and order denying the motion for reconsideration. We deny Appellant's motion for oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*