# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued March 13, 2007        Decided May 25, 2007

No. 05-5494

CARLA HARRIS,
APPELLANT

v.

ALBERTO GONZALES,
ATTORNEY GENERAL OF THE UNITED STATES,
APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 04cv02203)

*Stephen Z. Chertkof* argued the cause and filed the briefs for appellant.

*Rhonda C. Fields*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were *Jeffrey A. Taylor*, U.S. Attorney, and *R. Craig Lawrence*, Assistant U.S. Attorney. *Michael J. Ryan*, Assistant U.S. Attorney, entered an appearance.

Before: TATEL, GARLAND, and BROWN, *Circuit Judges*.

2

TATEL, *Circuit Judge*: Appellant, an independent contractor working for the Department of Justice, contacted an equal employment opportunity counselor to file a sex discrimination complaint against the Department, but she failed to do so until after the 45-day time limit for federal employees to make such contacts had expired. The applicable regulation requires an extension of the 45-day period if the complainant "was not notified of the time limits." 29 C.F.R. § 1614.105(a)(2). Concluding that appellant should have known about the 45-day requirement from posted notices, the district court granted summary judgment to the Department. For the reasons set forth in this opinion, we reverse.

**I.**

Title VII of the Civil Rights Act of 1964, as amended, makes it unlawful for the federal government to discriminate in employment on the basis of sex, 42 U.S.C. § 2000e-16, a prohibition that includes discrimination on the basis of pregnancy, *id.* § 2000e(k). Before filing suit, Title VII plaintiffs must timely exhaust their administrative remedies. *Id.* § 2000e-16(c). Specifically, Equal Employment Opportunity Commission (EEOC) regulations require that "aggrieved [federal employees] . . . initiate contact with a[n Equal Employment Opportunity (EEO)] Counselor within 45 days of the date of the matter alleged to be discriminatory." 29 C.F.R. § 1614.105(a)(1); *see id.* § 1614.103(b)–(c). Subsection (a)(2) of the regulation further provides that "[t]he agency or the [EEOC] shall extend the 45-day time limit . . . when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them . . . or for other reasons considered sufficient . . . ." 29 C.F.R. § 1614.105(a)(2).

From April through October 2002, Appellant Carla Harris, an employee of Integrated Management Services, Inc. (IMSI),

worked as an independent contractor in the Security Programs Office of the Executive Office for United States Attorneys (EOUSA) of the Department of Justice (DOJ).  Seven months after Harris completed that assignment, DOJ arranged for her to work in a different EOUSA group.  Gloria Harbin, Harris's project supervisor, selected her for the new assignment without knowing that Harris was pregnant.  But by the time Harris reported for her first day of work on May 31, 2003, her pregnancy was apparent.  That same day, after briefly meeting with Harris, Harbin directed IMSI to remove her from the contract. IMSI fired her the following day.  Over seven months later, learning that four other women had also complained that Harbin had discriminated against them because of their pregnancies, Harris contacted an EEO counselor to file a complaint of sex discrimination.  Although the record is silent on the matter, we presume that DOJ dismissed Harris's complaint as untimely.

Harris subsequently filed suit in the United States District Court for the District of Columbia, alleging that DOJ unlawfully discriminated against her on the basis of sex.  DOJ moved to dismiss, arguing that because Harris contacted the EEO counselor more than 45 days after being fired, she failed to timely exhaust her administrative remedies.  *See* 29 C.F.R. § 1614.105(a)(1).  Harris responded that she should have received an extension under subsection (a)(2) of the EEOC regulations. *See id.* § 1614.105(a)(2).  In support, Harris submitted an affidavit stating that she was "not . . . notified of the time limits for contacting an EEO counselor and was not otherwise aware of those time limits."  Harris Aff. ¶ 2.  DOJ replied that Harris had constructive notice of the time limit, submitting an affidavit from an EOUSA EEO officer stating that EEO posters "specifically instruct workers that they must request EEO counseling within 45 days of an allegedly discriminatory act" and that the "posters . . . were available for display" when Harris

worked at EOUSA in 2002. Milanés Aff. ¶¶ 2–3. Affidavits from two other EOUSA employees state that "to the best of [their] knowledge and belief," the employees "recall[ed] seeing an EEO poster displayed [in the break room and in the file room] during the period of time that Carla Harris worked [at EOUSA in 2002]." Barnes Aff. ¶ 3 (recalling poster in break room); Noonan Aff. ¶ 3 (recalling poster in file room).

Because the parties submitted evidence outside the pleadings, the district court treated the motion to dismiss as a motion for summary judgment. *See Harris v. Attorney Gen. of the United States*, 400 F. Supp. 2d 24, 26 (D.D.C. 2005) (citing FED. R. CIV. P. 12(b)). Granting summary judgment to DOJ, the court found that "the notice is legally sufficient because the 45-day time limit is accurately presented on the poster" and that Harris "had access to the[] rooms [in which the poster was displayed] throughout her earlier six month employment." *Id.* at 28. As a result, the district court concluded, Harris "failed to meet her burden of proving reasons that would support an equitable tolling of the 45-day time limit." *Id.* at 28–29.

Harris appeals. We review the district court's grant of summary judgment de novo. *See Czekalski v. Peters*, 475 F.3d 360, 362 (D.C. Cir. 2007). Summary judgment is proper only if, "view[ing] the evidence in the light most favorable to . . . [Harris and] draw[ing] all reasonable inferences in her favor," there is no genuine dispute over a material issue of fact. *Id.* at 363; FED. R. CIV. P. 56(c).

## II.

We begin by clearing away a couple of preliminary issues. First, the parties disagree about how subsection (a)(2) interacts with the more demanding common law standard for equitable tolling, which is granted only in "extraordinary and carefully

circumscribed circumstances." *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 580 (D.C. Cir. 1998) (quoting *Mondy v. Sec'y of the Army*, 845 F.2d 1051, 1057 (D.C. Cir. 1988)). Harris argues that subsection (a)(2) represents an independent basis for tolling. For its part, DOJ, agreeing with the district court, argues that employees must meet the equitable tolling standard notwithstanding subsection (a)(2). Given subsection (a)(2)'s mandatory language—"the agency . . . *shall* extend the 45-day time limit"—we agree with Harris that the agency must grant an extension if the employee shows that she "was not notified" or "otherwise aware" of the time limit. 29 C.F.R. § 1614.105(a)(2) (emphasis added). An employee who makes such a showing need not separately satisfy the common law standard for equitable tolling. *Cf. Teemac v. Henderson*, 298 F.3d 452, 455 (5th Cir. 2002) (holding that under the terms of subsection (a)(2), "[t]he agency *must* waive the requirement if the employee lacked . . . notice of the requirement."); *Pauling v. Sec'y of the Dep't of the Interior*, 160 F.3d 133, 136–37 (2d Cir. 1998) (recognizing "mandatory" terms of the regulation); *Jakubiak v. Perry*, 101 F.3d 23, 27 (4th Cir. 1996) (same).

The parties also debate whether subsection (a)(2)'s requirement for an extension of time—that a plaintiff show she "was not notified of the time limits and was not otherwise aware of them," 29 C.F.R. § 1614.105(a)(2)—requires actual notice or whether constructive notice will do. Relying on her affidavit, Harris argues that because she had no actual knowledge of the 45-day requirement, she was entitled to an extension of time. DOJ does not challenge Harris's claim that she lacked actual notice, arguing instead that the EEO posters gave her constructive notice. Both parties cite *Johnson v. Runyon*, 47 F.3d 911 (7th Cir. 1995), which held that "subjective ignorance alone does not automatically entitle [the plaintiff] to the exception in [subsection (a)(2)]." *Id.* at 918. Although we have yet to address this issue, every circuit to have done so has

followed the lead of the Seventh Circuit in *Johnson*, which declined to adopt a "strict theory of constructive notice" and instead set out a two-step inquiry: (1) whether "notification of the time requirements was provided," and (2) whether the notification was "reasonably geared to inform the complainant of the time limits." *Id.* (internal quotation marks omitted); *see, e.g.*, *Teemac*, 298 F.3d at 456 & n.9; *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1327 (10th Cir. 2002); *Jakubiak*, 101 F.3d at 27. We think this approach makes sense. For one thing, subsection (a)(2) itself speaks of notification. Moreover, it cannot be that an employee claiming to have been unaware of the 45-day time limit would be automatically entitled to an extension even though the agency, through posters, employee handbooks, orientation sessions, etc., made conscientious efforts to advise its employees of the time limit.

Nonetheless, we cannot say that no reasonable jury, viewing the evidence in the light most favorable to Harris and drawing all inferences in her favor, could conclude that she lacked constructive notice of the 45-day requirement. To begin with, the posters themselves are not part of the record, and none of the affidavits includes the posters' actual language. The affidavits state only that the posters were directed to "workers." Milanés Aff. ¶¶ 2–3; Noonan Aff. ¶ 3. Without the actual text, we have no way of determining whether the posters were "reasonably geared" to notify Harris—an independent contractor—that she was subject to the same 45-day time limit that applies to federal employees, *see, e.g.*, *Sizova*, 282 F.3d at 1327 (finding that EEO posters at National Institute of Standards and Technology directed to persons "on the job" were not reasonably geared to notify plaintiff, a university fellow who believed herself to be an employee of the university, not the Institute), rather than the longer period of time available to private sector employees, *see* 42 U.S.C. § 2000e-5(e)(1) (establishing 180-day time limit for private sector employees); 29 C.F.R. § 1601.13(a)(4)(ii)

(establishing 300-day time limit for private sector employees where the EEOC has a worksharing agreement with a state or local agency).

In addition to failing to recite the posters' actual language, the affidavits are insufficient to determine whether the posters were displayed in a manner "reasonably geared" to inform Harris of the time limit. For example, the two affidavits asserting that EEO posters were displayed at EOUSA when Harris worked there say only that the posters were displayed in a break room and file room "available to all employees and contractors . . . during the period of time that Carla Harris worked [there]." Barnes Aff. ¶ 3; *see also* Noonan Aff. ¶ 3. But the mere fact that these rooms were available to contractors—absent information such as the placement of the posters and the number of contractors who entered these rooms, as well as the frequency with which they did so—tells us nothing about the likelihood that Harris herself was ever in these rooms or, if so, whether she should have seen the posters. As the Seventh Circuit has explained, "[t]he presence or absence of posted notices does not, standing alone, determine whether the limitations period should be tolled." *Johnson*, 47 F.3d at 918 (internal quotation marks omitted) (quoting *Cano v. U.S. Postal Serv.*, 755 F.2d 221, 222–23 (1st Cir. 1985)).

All three affidavits, moreover, relate to 2002, when Harris was employed in a different EOUSA office. Barnes Aff. ¶ 2; Milanés Aff. ¶ 3; Noonan Aff. ¶ 2. They say nothing about the presence of posters on May 31, 2003, the day Harris's new contract assignment started and the day before she was fired. Harris's potential exposure to posters at a different EOUSA office in a separate contract assignment seven months prior to her firing is insufficient to eliminate a genuine issue of material fact regarding her notice of the 45-day requirement.

Furthermore, we are unsure whether the posters were even posted during Harris's previous six-month contract assignment. Two of the affidavits state, "[t]o the best of my knowledge and belief, I recall seeing an EEO poster displayed." Barnes Aff. ¶ 3; Noonan Aff. ¶ 3. Yet we have expressly held that affidavits based upon belief are inadequate to support a motion for summary judgment. *Londrigan v. FBI*, 670 F.2d 1164, 1174 (D.C. Cir. 1981) ("[Rule 56(e)'s] requirement of personal knowledge by the affiant is unequivocal, and cannot be circumvented. An affidavit based merely on information and belief is unacceptable." (footnotes omitted)). To be sure, the two affidavits use the word "knowledge," but they never say that affiants "saw" the posters. Instead, they say only that, "to the best of" the affiants' knowledge, they "recall" seeing them. This, together with the use of the word "belief," leaves us wondering whether the affiants actually saw the EEO posters.

DOJ's third affidavit, from an EEO officer, is equally ambiguous as to whether the posters were actually displayed. The affidavit states only that EEO posters were "*available* for display by EOUSA offices in 2002." Milanés Aff. ¶ 3 (emphasis added). It never says that posters were in fact displayed, much less that they were displayed in a location "reasonably geared" to notify Harris.

We reverse the district court's grant of summary judgment and remand for further proceedings consistent with this opinion.

*So ordered.*