**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1170**

JOHN L. CORRIGAN, SR.,

        Plaintiff - Appellant,

    v.

RODNEY E. HOOD, Chairman, National Credit Union Administration Board of Directors,

        Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Rossie David Alston, Jr., District Judge. (1:19-cv-00997-RDA-IDD)

Submitted: December 1, 2020           Decided: February 22, 2021

Before WYNN and FLOYD, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

John L. Corrigan, Sr., Appellant Pro Se. Catherine M. Yang, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John L. Corrigan, Sr., filed a four-count civil action in the district court, claiming discrimination and retaliation violating the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-34 ("ADEA"). The district court granted Defendant's Fed. R. Civ. P. 12(b)(6) motion, denied leave to amend, and dismissed the complaint. Corrigan appeals. Finding no reversible error, we affirm.

We review de novo a district court's dismissal of a complaint under Rule 12(b)(6), accepting the "well-pleaded allegations as true and drawing all reasonable inferences in [Corrigan's] favor." *Mason v. Mach. Zone, Inc.*, 851 F.3d 315, 319 (4th Cir. 2017). "To survive a [Rule] 12(b)(6) motion, a complaint must contain enough facts to raise a right to relief above the speculative level and state a claim to relief that is plausible on its face." *Md. Shall Issue, Inc. v. Hogan*, 963 F.3d 356, 361 (4th Cir. 2020) (internal quotation marks omitted). In reviewing the district court's dismissal decision, we may consider "documents attached as exhibits to the complaint, as well as any documents attached to the motion to dismiss, so long as those documents were integral to the complaint and are authentic." *Mason*, 851 F.3d at 317 n.2.

The district court determined, among other matters, that Corrigan failed to comply with pre-complaint administrative procedures with respect to the four counts brought in his complaint and thus was precluded from bringing them in federal court. On appeal, Corrigan challenges the district court's determinations that the portions of counts 1 and 2 alleging age discrimination based on the institution in 2010 of a promotion policy ("the

2010 promotion policy") were barred based on his failure to timely exhaust his pre-complaint administrative remedies.

Under the ADEA, a federal employee has "two alternative routes for pursuing a claim of age discrimination": (1) he may "invoke the [Equal Employment Opportunity Commission ("EEOC")'s] administrative process and then file a civil action in federal district court if he is not satisfied with his administrative remedies"; or (2) he "can decide to present the merits of his claim to a federal court in the first instance" without going through the administrative process. *Stevens v. Dep't of Treasury*, 500 U.S. 1, 5–6 (1991) (citing 29 U.S.C. § 633a). To pursue the administrative route, the employee must "initiate contact" with an equal employment opportunity counselor "within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1); *see also* 29 C.F.R. § 1614.103(a). Alternatively, to sue directly in federal court, he must notify the EEOC of his intent to sue within 180 days following the alleged discriminatory action and then observe a 30-day waiting period before filing suit. *See* 29 U.S.C. § 633a(d).

Corrigan's counts 1 and 2 challenged the 2010 promotion policy as unlawful age discrimination against credit union examiners at the CU-11 level over the age of 40 seeking promotion to the CU-12 level. Corrigan claimed that his scores on performance appraisals prevented him from being promoted under the terms of the 2010 promotion policy. Given that Corrigan received the last of those appraisals in November 2013 but did not contact an equal employment opportunity counselor until nearly a year later, in October 2014, he failed to comply with the administrative requirement for timely contact with the counselor.

3

Nor did he timely pursue the alternative route of bringing his claims directly to federal court within 180 days after the alleged unlawful action. Although the 45-day time limit for contacting an equal employment opportunity counselor may be waived, *Jakubiak v. Perry*, 101 F.3d 23, 27 (4th Cir. 1996), Corrigan does not suggest a finding of waiver would be appropriate in the circumstances of his case. We reject as without merit Corrigan's additional appellate arguments on timeliness and affirm the dismissal of these portions of counts 1 and 2 for failure to timely exhaust pre-complaint administrative procedures. *Corrigan v. Hood*, No. 1:19-cv-00997-RDA-IDD (E.D. Va. Jan. 17, 2020).

We further affirm the district court's dismissal of Corrigan's remaining claims and denial of leave to amend based on his abandonment on appeal of the determinations that the claims were barred for failure to properly exhaust pre-complaint administrative procedures and that amendment would be futile, *see* 4th Cir. R. 34(b); *United States v. Gary*, 954 F.3d 194, 200 n.4 (4th Cir. 2020), *petition for cert. filed*, No. 20-444 (U.S. Oct. 7, 2020), and reject as without merit Corrigan's appellate claim of bias and prejudice by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*