**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 20-1554**

SHAOMING SONG,

       Plaintiff - Appellant,

    v.

XAVIER BECERRA; MICHAEL BERNIER, Staff Scientist; MICHAEL EVANS, Deputy Director of National Institute on Aging,

       Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell III, District Judge. (1:19-cv-01501-GLR)

Submitted: July 30, 2021              Decided: August 24, 2021

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Shaoming Song, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shaoming Song appeals the district court's order dismissing, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, his civil action alleging age discrimination under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634 (ADEA), and retaliation for protected speech. On appeal, Song specifically challenges the district court's rejection of his ADEA claims. Finding no reversible error, we affirm.

As a threshold matter, although we construe pro se briefs liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), we limit our appellate review to the issues raised in the informal briefs, *see* 4th Cir. R. 34(b); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014). We also decline to consider arguments newly raised on appeal absent extraordinary circumstances not present here. *See Hicks v. Ferreyra*, 965 F.3d 302, 310 (4th Cir. 2020). In upholding the district court's ruling, we are not bound by the grounds addressed by the district court but instead "may affirm[] the district court's judgment on any basis supported by the record." *Defs. of Wildlife v. N.C. Dep't of Transp.*, 762 F.3d 374, 392 (4th Cir. 2014) (internal quotation marks omitted).

We review de novo the district court's grant of a motion to dismiss under Rule 12(b)(6), "accept[ing] the factual allegations of the complaint as true and constru[ing] them in the light most favorable to the nonmoving party." *Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 145 (4th Cir. 2018). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks

omitted). The complaint's factual allegations must permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Loftus v. Bobzien*, 848 F.3d 278, 284 (4th Cir. 2017) (internal quotation marks omitted).

"The federal-sector provision of the ADEA provides that '[a]ll personnel actions affecting employees or applicants for employment who are at least 40 years of age . . . shall be made free from any discrimination based on age.'" *Gomez-Perez v. Potter*, 553 U.S. 474, 479 (2008) (quoting 29 U.S.C. § 633a(a)). A plaintiff can prove age discrimination either by presenting direct evidence of discrimination or through the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Westmoreland v. TWC Admin. LLC*, 924 F.3d 718, 725 (4th Cir. 2019); *Laber v. Harvey*, 438 F.3d 404, 430 (4th Cir. 2006) (en banc). To survive a Rule 12(b)(6) motion to dismiss for failure to state an ADEA claim, a plaintiff is not required to plead a prima facie case of discrimination, *see Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002), but he must "allege facts to satisfy the elements of a[n] [ADEA] cause of action," *see McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 585 (4th Cir. 2015). Thus, the plaintiff must plausibly allege that he is (1) over the age of 40, and (2) experienced discrimination by a federal employer (3) because of his age. *See* 29 U.S.C. § 633a(a); *Westmoreland*, 924 F.3d at 725; *Laber*, 438 F.3d at 430; *see also Babb v. Wilkie*, 140 S. Ct. 1168, 1174 (2020) (discussing causation requirement for federal-sector ADEA claims).

The ADEA provides a federal employee with "two alternative routes for pursuing a claim of age discrimination": (1) he "may invoke the [Equal Employment Opportunity Commission's (EEOC)] administrative process and then file a civil action in federal district

3

court if he is not satisfied with his administrative remedies"; or (2) "[h]e can decide to present the merits of his claim to a federal court in the first instance" without pursuing the administrative process. *Stevens v. Dep't of Treasury*, 500 U.S. 1, 5-6 (1991). If he elects the administrative route, he must "initiate contact" with an EEO counselor "within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1) (2021); *see also* 29 C.F.R. § 1614.103 (2021) (defining covered federal-sector complaints). Alternatively, to sue directly in federal court, he must notify the EEOC of his intent to sue within 180 days following the alleged discriminatory action and then observe a 30-day waiting period before filing suit. *See* 29 U.S.C. § 633a(d); 29 C.F.R. § 1614.201(a) (2021).

As Song discussed in his complaint, he elected the administrative process. However, Song's initial contact with the EEOC in August 2015 fell well outside the 45-day period applicable to his claim that he was denied an extension of his fellowship due to age discrimination. While a claimant may be excused from the 45-day period for contacting an EEO counselor in certain circumstances, Song does not establish that a finding of waiver would be appropriate in the circumstances of this case. *See* 29 C.F.R. §§ 1614.105(a)(2), 1614.604(c) (2021); *Jakubiak v. Perry*, 101 F.3d 23, 27 (4th Cir. 1996); *see also Hicks*, 965 F.3d at 310 (declining to consider new issues on appeal). Further, even if Song had not elected the administrative process with respect to his claims occurring prior to 2015, any notice that he provided the EEOC of his intent to sue necessarily fell outside the 180-day period following the alleged discriminatory action. Thus, even assuming, without deciding, that Song stated a cognizable ADEA claim based on his allegations of

4

discriminatory conduct prior to 2015, such a claim is subject to dismissal under Rule 12(b)(6) for failure to satisfy regulatory exhaustion requirements.

The parties do not dispute that Song adequately exhausted his administrative remedies with respect to his claim that he was wrongfully denied a volunteer opportunity in 2015. Nevertheless, we conclude that Song did not state a valid claim of age discrimination on this basis, as he fails to plausibly allege that the refusal to allow him to volunteer was caused by age discrimination. *See Babb*, 140 S. Ct. at 1174; *Westmoreland*, 924 F.3d at 725. Although Song alleges that his immediate supervisor made a statement that could be considered direct evidence of age discrimination, *see Warch v. Ohio Cas. Ins. Co.*, 435 F.3d 510, 520 (4th Cir. 2006) (describing direct evidence), Song alleges that other individuals made the decision to deny his volunteer application, *see Hill v. Lockheed Martin Logistics Mmgt., Inc.*, 354 F.3d 277, 286 (4th Cir. 2004) (en banc) ("[S]tatements by nondecisionmakers, or statements by decisionmakers unrelated to the decisional process itself do not suffice to satisfy the plaintiff's burden of proving discrimination." (alteration and internal quotation marks omitted)), *overruled in part on other grounds by Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009). Additionally, the supervisor's isolated statement, which was made, at the latest, roughly four years before the denial of Song's volunteer application, is insufficient to give rise to an inference of discrimination in that denial. *See, e.g.*, *Henson v. Liggett Grp., Inc.*, 61 F.3d 270, 276 (4th Cir. 1995) ("[I]solated, remote statements are not probative of age discrimination or discriminatory purpose."). Song's complaint is otherwise devoid of facts that would "nudge h[is] claim" of age discrimination in the denial of his volunteer application "across the line from conceivable

5

to plausible." *See Lemon v. Myers Bigel, P.A.*, 985 F.3d 392, 399 (4th Cir. 2021) (internal quotation marks omitted). We therefore find no reversible error in the district court's dismissal of this claim.

We have reviewed Song's remaining arguments on appeal and identified no reversible error in the district court's dismissal order. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*